## METROPOLITAN RAILROAD COMPANY *vs.* BROADWAY RAILROAD COMPANY.

An award of commissioners appointed on petition under the St. of 1864, c. 229, § 29, to revise a previous award of commissioners determining the compensation to be paid by one street railway corporation for entering and using the tracks of another, takes effect only when returned to and approved by the court, until which time the former award remains in force.

PETITION, filed December 9, 1864, on the St. of 1864, *c.* 229 § 29, for the appointment of commissioners to determine the rate

of compensation to be paid by the respondents for entering and using a portion of the tracks of the petitioners, (both parties being street railway corporations,) and to revise and alter a former award of commissioners returned into court in November 1862. On this petition commissioners were appointed, and a warrant was issued to them under date of January 10, 1865. They returned an award February 15, 1868, on the issue of the approval of which a hearing was had before *Foster,* J., who reserved for the determination of the full court the question from what time it should take effect, and reported the material facts in substance as follows :

The first board of commissioners found, by their award, that the cost of the section of the petitioner's railroad used by the respondents was $46,197.96, and the annual cost of maintenance thereof was $11,970.97 ; and awarded that the respondents should pay annually to the petitioners one fifth of the latter sum, or $2,394.19. The second board of commissioners found the annual cost of its maintenance to be $14,500; and awarded that the respondents should pay, in semi-annual payments, to the petitioners, such a proportion of $14,500 annually " as the use of it by the cars of the respondents bears to the whole use of it by all the cars running upon it or any portion of it."

The award of the second board of commissioners contained this further provision : " It was claimed by the petitioners that any revision of the compensation established by the former award should take effect from the time of filing the petition in this case. The respondents denied the power of the commissioners to make any award which should affect the rule of compensation anterior to the making of this award. If the court should be of opinion that, under a true construction of the statute, the commissioners have power to revise the former award from the time of filing the petition in this case, then we award further that the respondents shall pay to the petitioners such sum as, with the amount paid since the filing of the petition, will make the compensation for the use of said circuit by the respondents equal to that which would have been paid if the respondents had made compensation according to the rule above

given for its future use." And the parties agreed that since the date of the filing of this petition the cars of the respondents had run more than one fifth of all the miles run over the section of the petitioners' road, which was the subject of the controversy, and more miles than they ran previously to that date.

*E. H. Derby*, for the petitioners.

*P. W. Chandler & G. O. Shattuck*, for the respondents.

CHAPMAN, C. J.[*] A former award has been made between these parties, which was returned to this court at November term 1862; and the award now presented is a revision of the former one. The question presented is, whether the operation of the former award ceased at the time of presenting the petition for the revision, or remains in force till the award made under the petition for revision shall be accepted by the court. This depends upon the language of the St. of 1864, *c.* 229, § 29. This section provides that the award of the commissioners, or a major part of them, being returned to and approved by the court, "shall be binding upon the respective corporations interested therein, for one year, and until the same is revised or altered by commissioners in like manner appointed; provided, however, that no such award shall apply to any period of time covered by any previous award of commissioners or by agreement of parties."

The provision that the first award shall remain in force for one year, without regard to any changes that may take place in the relative use of the road by the parties, is positive. The provision that it shall also remain in force until it is revised or altered by commissioners in like manner appointed is equally positive. But an alteration or revision does not take effect until it is accepted and approved by the court; and therefore the first award must remain in force until such acceptance and approval.

But it is objected that this construction of the statute creates an arbitrary rule which does not accord with the equity of the present case. The objection has some force. But it is to be

---

[*] COLT, J., did not sit in this case

considered that the legislature had two objects to accomplish. They intended to give the parties an opportunity for frequent revision and alteration of the rate of compensation ; and at the same time to guard against too frequent litigation on the subject. An arbitrary rule was necessary in order to accomplish the latter object; as it is in statutes of limitations, and in many other cases. Substantial justice is proximately secured by provisions of this character.

The language of the statute was undoubtedly framed with care ; for the statute is a revision of former legislation that had existed on the subject, and under which there had been some litigation. The conflicting interests of parties in such matters must have been understood, and there does not appear to be any good reason for construing the statute otherwise than according to the obvious import of its language.

*Award to take effect from the time of its acceptance.*